Joseph Cook
Jared Frickle
HEENAN & COOK, PLLC
1631 Zimmerman Trail
Billings, MT 59102
(406) 839-9091
joe@lawmontana.com
jared@lawmontana.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION

| ARAYA BEARTUSK, | Cause No: CV-24-25-BLG-SPW-TJC |
|---|---|
| Plaintiff, | |
| vs. | |
| UNITED STATES OF AMERICA, BUREAU OF INDIAN AFFAIRS, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | |

COME NOW Plaintiff Araya Beartusk, by and through counsel, and for her Complaint against the Defendant, complains and alleges as follows:

## FACTS COMMON TO ALL COUNTS

1. Plaintiff was at all times relevant to hereto a resident and citizen of the District of Montana, Billings Division, residing in Lame Deer, Montana.

2. Defendant United States of America employed Jack Marvin at all times relevant hereto as a Bureau of Indian Affairs law enforcement officer and the United

States is liable for the actions and conduct of Officer Marvin as he was acting within the course and scope of his employment as a law enforcement officer of the United States.

3. This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., because the claim arises from conduct of federal government agents/employees and Plaintiff has exhausted the administrative remedies.

4. This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

5. Pursuant to 28 U.S.C. §§ 1391(e) and 1402 (b), and LR 3.2, venue is proper in the Billings Division because Defendants' negligent acts and omissions occurred in Rosebud County, Montana.

## **COUNT ONE – Negligence**

Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as set forth in full, and further alleges as follows:

6. On or about June 30, 2021, at approximately 2:00 p.m., Plaintiff Araya Beartusk was driving in her small 2005 Chevy Aveo passenger car, headed northbound on Highway 4/Cheyenne Avenue in Lame Deer, Montana.

7. At the same time and place, Defendant's employee and agent Jack Marvin was also driving northbound in a 2018 Chevy Silverado pickup, at a high rate of speed, and has alleged he was "responding to a call."

8. As Plaintiff attempted to make a left turn into the Little Wolf Capitol Building to pick her mother up from an appointment, Defendant's employee and agent Jack Marvin negligently crashed his law enforcement vehicle into the rear of Plaintiff's vehicle.

9. Defendant's employee and agent Jack Marvin acknowledged and admitted to Montana Highway Patrol that he was looking down and away from the roadway at the time of the crash and that he did not see that Plaintiff was making a left turn.

10. Defendant's employee/agent's acts and omissions constitute negligence, and his negligence caused the collision between his vehicle and Plaintiff's vehicle.

11. As a result of Defendant's employee/agent's negligence, Plaintiff suffered and continues to suffer serious and permanent injuries as well as ongoing pain and suffering. She has been, and will continue to be, prevented from her full and customary activities and enjoyment of life and has incurred and will continue to incur medical expenses as a result of the wrongful acts of the Defendant and is entitled to all damages provided under the law. Pursuant to the Federal Tort Claims Act, the Bureau of Indian Affairs, by and through the United States, is liable for all damages and losses to Plaintiff in an amount to be determined at trial.

## **COUNT TWO – Negligence *per se***

Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as set forth in full, and further alleges as follows:

12. As an operator of a motor vehicle in the State of Montana, Defendant's employee and agent Jack Marvin owed a duty to other motorists, pedestrians, and those in and around his vehicle, including Plaintiff Araya Beartusk, to exercise due care and to follow the laws of the State of Montana that regulate and control traffic.

13. On or about June 30, 2021, Defendant's employee and agent Jack Marvin breached his duties to Plaintiff by violating at least one Montana statute designed to protect the public from harm; to include, but not limited to, violating § 61-8-107 (2)(c),(3) and (4), Mont. Code Ann., by exceeding the speed limit and endangering life and property, by failing to properly make use of visual and audible signals on his law enforcement vehicle, and by failing to drive with due regard for the safety of all persons.

14. The Defendant's employee/agent's violation of the aforementioned statutes was a direct and proximate cause of the collision between his vehicle and Plaintiff's vehicle.

15. The aforementioned statute was enacted to protect a specific class of persons, namely other motorists and pedestrians who use and occupy roadways in the State of Montana.

16. At all times relevant hereto, Plaintiff was a member of said protected class of persons.

17. Plaintiff's injuries are specifically the types of injuries that the aforementioned statute is designed to prevent.

18. Defendant's employee/agent's breach of his duties that were owed to other motorists, to include Plaintiff, constitutes negligence *per se*.

19. As a result of Defendant's employee/agent's negligence, Plaintiff suffered and continues to suffer serious and permanent injuries as well as ongoing pain and suffering. She has been, and will continue to be, prevented from her full and customary activities and enjoyment of life and has incurred and will continue to incur medical expenses as a result of the wrongful acts of the Defendant and is entitled to all damages provided under the law. Pursuant to the Federal Tort Claims Act, the Bureau of Indian Affairs, by and through the United States, is liable for all damages and losses to Plaintiff in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant for all damages to which she is entitled under the law in such categories and in such amounts as will be furnished to the Defendant in accordance with applicable Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all the issues in this action.

**DATED** this 28th day of February 2024.

>   /s/ Jared Frickle
>   Jared Frickle
>   Attorney for Plaintiff